KLEIN, J.
Appellant was convicted of tampering with evidence and possession of cocaine. We reverse for a new trial because the court erred in allowing the arresting offi *483 cer to testify as to hearsay statements made by a passenger in appellant’s ear.
The officer testified that after observing appellant driving erratically, he followed appellant into a parking lot and noticed the smell of alcohol on his breath, but that appellant denied that he had been drinking. The officer then saw something in appellant’s mouth which looked like crack cocaine and asked appellant to remove his denture. Appellant complied, but the officer was unable to stop appellant from swallowing the substance. The denture tested positive for cocaine.
At appellant’s trial, the officer testified that when he initially questioned appellant, appellant told him he had just come from a wedding and had not been drinking. The officer was then allowed to testify, over appellant’s objection, that the passenger in appellant’s car told him that appellant had been drinking, that they had just come from a park, and that appellant had spoken to a black man in the park. Appellant argues that the trial court erred in allowing the officer to testify as to the hearsay statements of the passenger, who did not testify.
The state responds that the testimony was admissible as an exception to the hearsay rule in order to impeach appellant’s statement to the officer that he had not been drinking, citing section 90.806(1), Florida Statutes (1999). We find nothing in section 90.806(1) which would authorize the officer to testify as to what the passenger told him. Section 90.806(1) provides that where a hearsay statement is admitted into evidence, the credibility of the non-testifying declarant can be impeached by the same methods as if the declarant had testified. Ehrhardt, Florida Evidence § 90.806.1 (1999 Edition). The statute does not authorize the admissibility of the hearsay testimony of another non-testifying declarant, such as the passenger.
Nor can we agree with the state that, because the issue of whether appellant had been drinking was collateral, it was harmless. It went to appellant’s credibility as to his denial to the officer that the substance in his mouth was cocaine, the key issue in a close case. We therefore reverse for a new trial.
FARMER and TAYLOR, JJ., concur.